*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DONALD FARNSWORTH,

Defendant-Appellant.

UNPUBLISHED
May 23, 2025
9:41 AM

No. 371509
Livingston Circuit Court
LC No. 23-000329-AR

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court's order reversing the district court's order suppressing the results of a blood alcohol concentration (BAC) analysis in his prosecution for operating while intoxicated (OWI), MCL 257.625(1), and operating a vehicle without a driver's license, MCL 257.311. We affirm.

## I. BACKGROUND

This case arises from the arresting officer's interaction with defendant during a traffic stop. At approximately 1:30 a.m., the officer initiated the traffic stop of defendant's vehicle for having a malfunctioning headlight. According to the officer, he smelled an odor of alcohol coming from defendant's car and person during the stop. Defendant told the officer that he had consumed two 16-ounce beers that evening. The officer ordered defendant to step out of the car and then conducted multiple field sobriety tests with him. According to the officer, during the tests, the officer observed several indicators of intoxication, and when defendant declined to submit to a preliminary breath test (PBT), the officer arrested defendant. The officer then obtained a search warrant for a blood draw and had defendant taken to a facility to conduct a BAC analysis.

---

[1] *People v Farnsworth*, unpublished order of the Court of Appeals, entered November 5, 2024 (Docket No. 371509).

After hearing the officer's testimony and viewing the officer's body camera video footage, the district court granted defendant's motion to suppress the BAC analysis results. The district court held that the officer lacked probable cause to arrest defendant because the court did not observe facts that are usually present in lawful arrests for OWI, such as slurred words, slow movement, stumbling, wobbling, and falling. On appeal by the prosecution, the circuit court reversed, holding that the officer had probable cause to arrest defendant based on the totality of the circumstances before him. This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

When reviewing a district court's decision to suppress evidence that was reversed by a circuit court, the order being appealed is the circuit court's order. *People v Crumbley*, 346 Mich App 144, 166; 11 NW3d 576 (2023). The circuit court's decision is reviewed de novo, as the dispositive question is whether the *district* court erred by suppressing evidence. *Id.*; see also *People v Lewinski*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365350); slip op at 3. This Court "reviews de novo [a] trial court's application of the law and ultimate decision on a motion to suppress." *Lewinski*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). The district court's factual findings are reviewed for clear error. See *id*. These findings are affirmed unless we are "left with a definite and firm conviction that a mistake was made." *Id.* (quotation marks and citation omitted).

### B. DISCUSSION

Defendant argues that the circuit court erred by reversing the district court's decision because the district court's factual findings were not clearly erroneous and supported its decision. Defendant also argues that the circuit court applied a subjective standard and improperly considered defendant's postarrest BAC in its probable cause analysis. We disagree.

Under the Fourth Amendment to the United States Constitution, the people of the United States have the right to be secure in their persons from unreasonable seizures. See US Const, Am IV. An unlawful arrest is an unreasonable seizure. See *People v Murawski*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365852); slip op at 5. A police officer may not arrest a person without probable cause to believe that person committed a crime. See *id*. at 4.

A police officer has probable cause to arrest "when the facts and circumstances" known to them and of which they have "reasonably trustworthy information are sufficient in themselves to justify the belief that an offense either has been or is being committed." *Id.* (quotation marks and citations omitted). Probable cause is a "practical, nontechnical conception judged from the totality of the circumstances before the arresting officer[]." *People v Maggit*, 319 Mich App 675, 682; 903 NW2d 868 (2017) (quotation marks and citation omitted). The probable cause analysis is objective and not based on "a police officer's subjective characterization of the events . . . ." *Id.* at 682-683. The only relevant circumstances are those known to the officer at the time of the arrest. See *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019).

This Court has identified several factors that may support a determination of probable cause to arrest a person for OWI. See, e.g., *People v Mullen*, 282 Mich App 14, 27; 762 NW2d 170 (2008) (where factors indicating the defendant's intoxication were a "strong smell of alcohol," his "watery eyes," that he "drove his vehicle through a red light at 2:00 a.m.," and that his "PBT result was 0.15") *People v Czuprynski*, 325 Mich App 449, 455, 470-471; 926 NW2d 282 (2018) (where factors indicating the defendant's intoxication were a "slight" alcoholic odor, his "glassy" eyes, and his "swaying" or losing his balance). Moreover, a police officer's experience is relevant to a probable cause determination. *People v Ulman*, 244 Mich App 500, 509; 625 NW2d 429 (2001). See also *People v Unger*, 278 Mich App 210, 244-245; 749 NW2d 272 (2008) (where an investigator's training and experience helped support probable cause to search a car).

In this case, the arresting officer testified that he was trained in field sobriety testing and that he had conducted hundreds of OWI investigations. He testified further that defendant was slow to stop his vehicle after the officer activated his overhead lights. As soon as the stop began, the officer observed that defendant's eyes were "glassy" and that there was an alcoholic odor coming from defendant's car and person. This evidence supported a determination of probable cause to arrest defendant for OWI, even if the odor was only "slight." See *Czuprynski*, 325 Mich App at 470-471. Defendant also told the officer that he had consumed two 16-ounce beers about an hour and a half before the traffic stop.

After considering these indicators of intoxication in defendant, the officer requested defendant to perform field sobriety tests, including a horizontal gaze nystagmus (HGN) test,[2] a walk-and-turn test, and a one-legged stand test. Regarding the HGN test, the officer testified that he was trained to repeat the test—tracking the stimulus two times for each eye—but he did not do that in this case. Additionally, he admitted that sometimes he held the stimulus for four seconds, as he was supposed to do, and sometimes he did not. In short, he admitted that he did not perform all aspects of the test correctly. Nevertheless, even an improperly administered test can be relevant to a probable cause determination under the totality of the circumstances. *Mullen*, 282 Mich App at 27-28. And it does not appear that the officer's HGN test was so unreliable to prevent him from placing any stock in it. Indeed, he testified that he performed part of the test for the proper length of time.

Moreover, contrary to the district court's findings that defendant did not appear "unsteady" and did not wobble his head during HGN testing, the officer's body camera footage, although at times difficult to see and hear, shows that defendant did exhibit signs of intoxication during the field sobriety testing. For example, defendant's body swayed and his foot dropped during the one-legged stand test, and he failed to follow the officer's directions during the HGN and walk-and-turn tests. See *id*. The district court discounted these signs of intoxication because defendant was not "falling" or "stumbling." However, the officer never testified that defendant fell or stumbled; instead, the officer testified about the subtler signs of intoxication supported by the body camera

---

[2] Horizontal gaze nystagmus "is an involuntary jerking of the eye that occurs naturally as the eyes gaze to the side." *Mullen*, 282 Mich App at 17 n 3 (quotation marks and citation omitted). Horizontal gaze nystagmus "is exaggerated and may occur at lesser angles when a person is intoxicated." *Id*. (quotation marks and citation omitted).

footage. Moreover, the district court explicitly found that the arresting officer's testimony was credible. Accordingly, we are left with a firm and definite conviction that the district court's factual findings were mistaken, and therefore clearly erroneous. See *Lewinski*, ___ Mich App at ___; slip op at 3.

Defendant also argues that the circuit court erred by applying a subjective test and by considering defendant's BAC results in making its probable cause determination. Contrary to defendant's assertions, however, the record indicates that the circuit court understood and applied the totality-of-the-circumstances test and correctly concluded that the facts known to the officer objectively supported the officer's determination that there was probable cause to believe defendant was operating while intoxicated. See *Maggit*, 319 Mich App at 682. Although the circuit court offered a misguided observation that it may have helped the district court to have been privy to the BAC results, the circuit court nevertheless explicitly stated several times on the record that its analysis was necessarily limited to the district court record.

In sum, the totality of the known facts and circumstances were sufficient to justify the officer's belief that defendant was operating his vehicle while intoxicated. See *Murawski*, ___ Mich App at ___; slip op at 4. Accordingly, the arrest was supported by probable cause and the district court erred by suppressing the BAC analysis results.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young

-4-